IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRANDON JARROD NOBLES, | ) | |
|     Petitioner, | ) | |
| | ) | CIVIL ACTION 14-00481-KD-B |
| v. | ) | CRIMINAL ACTION 12-00090-KD-B |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

**ORDER**

This action is before the Court on Petitioner Brandon Jarrod Nobles (Nobles)' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Petition) (Doc. 114),[1] and the Government's Motion to Dismiss (Doc. 118).

Nobles pleaded guilty in his criminal case on July 18, 2012 (Doc. 60), and judgment issued on March 8, 2013, sentencing him to a total of 264 months imprisonment (Doc. 92). Nobles did not file an appeal.  On October 14, 2014, Nobles filed a *pro se* Section 2255 petition requesting that the Court run his federal sentence concurrent with his state sentence.  In response, the Government moved to dismiss Nobles' petition because: 1) he is asserting a claim which is not cognizable under Section 2255,[2] and 2) his petition is time-barred, having been filed more than one (1) year after judgment became final.[3]  Nobles was given the opportunity to respond to the Government's motion by February 16, 2015, and was cautioned that if he failed to respond, the motion would be treated as unopposed.  (Doc. 121).  Nobles failed to file a response as

---

[1] Nobles is a federal prisoner proceeding *pro se*. "[C]ourts should construe a habeas petition filed pro se more liberally…."  See, e.g., Gunn v. Newsome, 881 F.2d 949, 961 (11th Cir. 1989).

[2] See, e.g., Page v. United States, 440 Fed. Appx. 767, 769 (11th Cir. 2011)  (holding that defendant's claim was not cognizable on collateral review under 2255 because it was a non-constitutional issue that could have been raised on direct appeal).

[3] See, e.g., Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (in a Section 2255 action where no appeal is filed, the judgment becomes final when the time for filing an appeal expires).

ordered, and to date, has filed no response.  As such, the Court construes the Government's

motion to dismiss as unopposed and for those reasons set forth in the Government's motion

(Doc. 118), which the Court **ADOPTS** as its own reasoning,[4] the Court finds that Nobles is due

no relief.  Thus, it is **ORDERED** that Nobles' Motion to Vacate, Set Aside, or Correct Sentence

under 28 U.S.C. § 2255 (Doc. 114) is **DENIED** as time-barred, and this action **DISMISSED**

**with prejudice**.

Moreover, pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a

certificate of appealability is **DENIED**.  28 U.S.C. § 2255, Rule 11(a) ("The district court must

issue or deny a certificate of appealability when it enters a final order adverse to the

applicant[]").  The statute makes clear that an applicant is entitled to appeal a district court's

denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of

appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may be issued only where

"the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  Where, as here, a habeas petition is being denied on procedural grounds, "a COA

should issue [only] when the prisoner shows...that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling."

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  See also Miller–El v. Cockrell, 537 U.S. 322, 336

---

[4] A district court may incorporate a party's arguments to serve as its explanation for its ruling, so long as those arguments, in conjunction with the record, provide the Court of Appeals an opportunity to engage in meaningful review.  See e.g., United States v. Valencia-Trujillo, 462 Fed. Appx. 894, 897 (11th Cir. 2012) ("District court orders 'should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review.'…That principle….does not prohibit a district court from incorporating a party's arguments as the basis and explanation for its ruling. Valencia–Trujillo's motion and the government's response, as well as the exhibits and attachments submitted to the district court, provide a sufficient basis for our review of the merits in this case[]"); 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority[]").  The Court finds that the Government's motion to dismiss (Doc. 118) is sufficient in this regard.

(2003) ("[u]nder the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further….").  As it is clear that any claim by Nobles for relief made pursuant to Section 2255 is time-barred, a reasonable jurist could not conclude that this Court is in error in dismissing the instant petition or that Nobles should be allowed to proceed further.  Slack, 529 U.S. at 484 ("[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further[]").  Accordingly, no reasonable jurist could find it debatable whether Nobles' time-barred petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

Further, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3). "A petitioner demonstrates good faith when he or she seeks appellate review of any issue that is not frivolous." Bethel v. Baldwin Cnty. Bd. of Educ., 2008 WL 4628388, *1 (S.D. Ala. Oct. 16, 2008).  See also Weaver v. Patterson, 2012 WL 2568218, *7 (S.D. Ala. Jun. 19, 2012), *report and recommendation adopted*, 2012 WL 2568093 (S.D. Ala. Jul. 3, 2012); Fed. R. App. P. 24(a)(3)(A); DeSantis v. United Techs, Corp., 15 F.Supp.2d 1285, 1288-1289 (M.D. Fla. 1998) (good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'….").  An appeal filed *in forma pauperis* is frivolous if it appears that the Plaintiff has little to no chance of success, meaning that "the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Upon consideration, any

3

appeal by Nobles of this matter would be without merit and therefore not taken in good faith. Accordingly, Nobles is not entitled to appeal *in forma pauperis*.

Accordingly, it is **ORDERED** that Nobles' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 114) is **DENIED** and this action is **DISMISSED with prejudice**.[5]  It is further **ORDERED** that Nobles is not entitled to a Certificate of Appealability and is not entitled to proceed *in forma pauperis* on appeal.

**DONE** and **ORDERED** this the **22nd** day of **February 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[5] As "the motion and the files and records of the case conclusively show that [Nobles] is entitled to no relief," 28 U.S.C. § 2255(b), the Court concluded that an evidentiary hearing was not warranted under § 2255(b) and Rule 8 of the Federal Rules Governing Section 2255 Cases in the United States District Courts.