# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : |
| | :    Criminal Action No. 12-00090-KD-B |
| BRANDON JARROD NOBLES, | : |
| Petitioner/Defendant. | : |

## ORDER

This action is before the Court on Petitioner/Defendant Brandon Jarrod Nobles' Motion to Vacate Conviction and Sentence pursuant to 28 U.S.C. § 2255 and Supporting Memorandum (doc. 189) and the response filed by the United States (doc. 192). Upon consideration, and for the reasons set forth herein, Nobles' motion to vacate his convictions and sentences for violation of 18 U.S.C. § 924(o) and violation of 18 U.S.C. § 924(c)(1)(A) (Counts One and Three) is GRANTED. Nobles' conviction and sentence for kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count Two) remains 180 months, as previously determined.

I. Background

In 2012, Nobles pled guilty to conspiracy to use and carry or possess a firearm during or in connection with or in furtherance of a crime of violence in violation of 18 U.S.C. § 924(o) (Count One); kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count Two); and use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three) (doc. 92). He was sentenced to a total term of 264 months in the custody of the Bureau of Prisons. (Id.). The term consists of 180 months as to Count One and 180 months as to Count Two, to serve concurrently, and 84 months as to Count Three to serve consecutively (Id., p. 2).

Nobles filed his first motion to vacate pursuant to 28 U.S.C. § 2255 in 2014. The motion was dismissed as time-barred (docs. 131, 132). On November 25, 2019, the Court of Appeals for the Eleventh Circuit authorized Nobles to file a second or successive motion to vacate his convictions for violations of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 924(o) (doc. 190). On December 6, 2019, Nobles filed his second motion to vacate (doc. 189) and the United States filed its response (doc. 192).

II. Analysis

A. Whether the requirements of 28 U.S.C. § 2255(h) have been met.

The Eleventh Circuit's decision to authorize filing a second or successive § 2255 motion is only a "threshold determination" that Nobles has "made a *prima facie* showing that he is entitled to relief under [United States v. Davis, 588 U.S. __, 139 S. Ct. 2319 (2019)] as to his § 924(c) and § 924(o) convictions in Counts One and Three" (doc. 190, p. 2-3). The Eleventh Circuit stated that there was "no binding precedent from the Supreme Court or our Court to indicate that kidnapping categorically qualifies as a crime of violence under the elements clause of §924(c)(3)(A)." (Id., p.3). Thus, Nobles had made his *prima facie* showing that his claim satisfies the criteria of 28 U.S.C.§ 2255(h)(2) because he was convicted under the now-invalid residual clause of § 924(c)(3)(B). (Id., p. 4). The Eleventh Circuit explained that this Court should not defer to its decision, but instead, must consider the § 2255(h) requirements *de novo* and determine whether they are met. (Id., p. 5).

Section 2255(h), in relevant part, states as follows:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain— . . .

2

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2).

Relevant to Nobles' motion, 28 U.S.C. § 2244(b)(2)(A), states as follows:

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; …

28 U.S.C. § 2244(b)(2)(A).

Nobles' motion was authorized by the Eleventh Circuit on basis of the decision in Davis, wherein the Supreme Court ruled that the "residual clause" in § 924(c)(3)(B) was unconstitutionally vague. In In re Hammoud, 931 F.3d 1032, 1037 (11th Cir. 2019), the Eleventh Circuit held that Davis announced a new rule of constitutional law, explaining that "*Davis*, like *Johnson* before it, announce a new substantive rule" because it "narrow[ed] the scope of [§ 924(c)] by interpreting its terms, specifically, the term [crime of violence]" and "in striking down § 924(c)'s residual clause, *Davis* narrowed the class of people who are eligible' to be convicted under § 924(c)." In re Hammoud, 931 F.3d at 1038 (bracketed text in original). (citing Davis, 588 U.S. at ——, 139 S. Ct. at 2336). The Eleventh Circuit held that "for purpose of § 2255(h)(2), . . . taken together, the Supreme Court's holdings in *Davis* and *Welch* 'necessarily dictate' that *Davis* has been 'made' retroactively applicable to criminal cases that became final before *Davis* was announced." Id.

Davis was decided on January 4, 2019.  In re Hammoud was decided on July 23, 2019. Nobles filed his first motion in 2014.  Thus, Davis is a new rule of constitutional law, made retroactive to cases on collateral review, that was previously unavailable to Nobles. 28 U.S.C. § 2255(h)(2).  Accordingly, the Court finds that the requirements of § 2255(h)(2) have been met and the Court has jurisdiction to consider Nobles' motion to vacate.

B. Nobles' motion to vacate

Title 18 U.S.C. § 924(c)(1)(A)(ii) provides that "that any person who, during and in relation to any crime of violence … for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence … (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years …"  The additional 7-year term is served consecutive to any term imposed for the crime of violence.  Title 18 U.S.C. § 924(o) provides in relevant part that a "person who conspires to commit an offense under subsection (c) shall be imprisoned for not more than 20 years[.]"

In this case, kidnapping pursuant to 18 U.S.C. § 1201(a)(1) was the predicate "crime of violence" for both the § 924(c) and (o) offenses (Counts One and Three).  Therefore, Nobles was sentenced to 84 months (Count Three) to serve consecutive to his 180-month sentence for kidnapping (Count Two) and his 180-month concurrent sentence for conspiracy to use and carry a firearm in connection with a crime of violence (Count One).

Nobles argues that his convictions and sentences for Counts One and Three should be vacated because the predicate offense of kidnapping does not qualify as a "crime of violence". (Doc. 189)  He asserts that kidnapping is not a "crime of violence" as defined in the elements

clause of 18 U.S.C. § 924(c)(3)(A) "because the offense can be accomplished by means which do not require the use of physical violent force, such as inveigling or decoying" (doc. 189, p. 4). He also asserts that the residual clause (B) has been declared unconstitutionally vague in <u>United States v. Davis</u>, 588 U.S. __, 139 S. Ct. 2319 (2019), and therefore, kidnapping is not a "crime of violence" under the residual clause. (Id.)

The United States responds that guidance from the United States Department of Justice binds it to agree that kidnapping is not categorically a "crime of violence" under the elements clause (A). Thus, the United States does not contest Nobles' motion (doc. 192).

Since the Supreme Court in <u>Davis</u> has held that the residual clause in § 924(c)(3)(B) is unconstitutional, Nobles' firearms-based convictions may stand only if his conviction for kidnapping pursuant to § 1201(a)(1) qualifies as a "crime of violence" under the elements clause in § 924(c)(3)(A). The Court previously addressed this issue in <u>United States v. Robinson</u>, Criminal Action No. 12-00090-KD-B (S.D. Ala. 2012) and found that kidnapping under § 1201(a)(1) does not categorically qualify as a "crime of violence" under the elements clause in § 924(c)(3)(A). (Doc. 184). In view of the Eleventh Circuit's statement that there is "no binding precedent from the Supreme Court or our Court to indicate that kidnapping categorically qualifies as a crime of violence under the elements clause of §924(c)(3)(A)" (doc. 190, p.3) and the Court's prior decision, the Court adopts the decision in <u>United States v. Robinson</u> as the reasoning of the Court, and finds that federal kidnapping under § 1201(a)(1) does not categorically qualify as a "crime of violence" under the elements clause in § 924(c)(3)(A). Accordingly, Nobles' motion to vacate is granted and his convictions in Count 1 and Count 3 are vacated.

C. Sentence for violation of 18 U.S.C. § 1201(a)(1)

When relief under § 2255 is granted, the Court is required to "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." United States v. Brown, 879 F. 3d 1231, 1235 (11th Cir. 2018) (citation omitted). Relevant to Nobles, the Court must determine whether to "resentence" or "correct the sentence." Id. The Eleventh Circuit found "that § 2255 envisions two different kinds of sentence modifications: a 'correction' being a more limited remedy, responding to a specific error; and a 'resentencing' being more open-ended and discretionary, something closer to beginning the sentencing process anew." Id. at 1236.

"In the context of a § 2255 motion requiring a change to a sentence, we ask the following two questions to determine whether a defendant is entitled to a resentencing hearing: (1) '[D]id the errors requiring the grant of habeas relief undermine the sentence as a whole?', and (2) '[W]ill the sentencing court exercise significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing?'" United States v. Cowart, 745 Fed. Appx. 841, 843 (11th Cir. 2018) (quoting United States v. Brown, 879 F.3d at 1239-1240. "If the answers to these questions are affirmative, the district court's 'sentence modification qualifies as a critical stage in the proceedings, requiring a hearing with the defendant present.'" Id.

The error which requires relief for Nobles does not undermine the sentence as a whole, nor will this Court have to exercise significant discretion in modifying his sentence. Noble pled guilty and was sentenced for the offense of federal kidnapping (Count Two). This offense no longer qualifies as a "crime of violence" for purposes of § 924(c). This Court relied upon that

6

"crime of violence" to accept Nobles' plea of guilty and sentence him for the offenses of conspiracy to use and carry or possess a firearm during or in connection with or in furtherance of a crime of violence (Count One) and use of a firearm in furtherance of a crime of violence (Count Three). He was sentenced to a total term of 264 months, which consisted of 180 months as to Count One and 180 months as to Count Two, concurrently; and 84 months as to Count Three to serve consecutively.

For sentencing, the firearms-related convictions were grouped even though Count Three required a mandatory consecutive sentence. The Court separately calculated the sentencing guidelines range for federal kidnapping as 360 months to life, and ultimately sentenced Nobles to 180 months for that offense.[1] Thus, a sentence correction as to the firearms-related convictions does not undermine the sentence as a whole because the sentence remains the same for the federal kidnapping conviction. See United States v. Cowart, 745 Fed. Appx. at 844 ("The district court used the career-offender guideline, which was not invalidated by Johnson, to set Cowart's base offense level for the group of Counts One and Two, which notably, would have been the same with or without Count Three [the sentence which was corrected pursuant to Johnson]") (bracketed text added).

The Court determines that correcting the sentence is the appropriate remedy. Therefore, a sentencing hearing is not necessary. Accordingly, Nobles' judgment is corrected to vacate the sentences for Counts One and Three. His sentence of 180 months as to Count Two remains in effect. All other terms and conditions of his sentence remain in effect.

---

[1] The United States moved for downward departure (doc. 88). The sentencing guidelines range was 360 months to life as to Counts One and Two, and 84 months consecutive as to Count Three. The motion was granted. He was sentenced to 180 months as to Counts One and Two.

D. Certificate of Appealability and proceeding in forma pauperis

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Since the final order is not adverse to Nobles, the Court need not address whether he is entitled to certificate of appealability. 28 U.S.C. § 2253(c)(1).

Nobles is represented by counsel appointed under the Criminal Justice Act, 18 U.S.C. § 3006A. (Doc. 187). Therefore, he is entitled to appeal in forma pauperis. See Rule 24-1(b) of the Eleventh Circuit Rules of Appellate Procedure.

DONE and ORDERED this 19th day of February 2020.

        s/ Kristi K. DuBose
        KRISTI K. DuBOSE
        CHIEF UNITED STATES DISTRICT JUDGE