IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | Criminal Action No. 12-00090-KD-B |
| BRANDON NOBLES, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and documents in support filed by Defendant Brandon Nobles (doc. 214, docs. 214-1 through 214-7). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

I. Background

In 2012, Nobles pled guilty to conspiracy to use and carry or possess a firearm during or in connection with or in furtherance of a crime of violence in violation of 18 U.S.C. § 924(o) (Count One); kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count Two); and use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three) (doc. 92). He was sentenced to a total term of 264 months in the custody of the Bureau of Prisons. (Id.). The term consisted of 180 months as to Count One and 180 months as to Count Two, to serve concurrently, and 84 months as to Count Three to serve consecutively (Id., p. 2).

Nobles filed his first motion to vacate pursuant to 28 U.S.C. § 2255 in 2014. The motion was dismissed as time-barred (docs. 131, 132). On November 25, 2019, the Court of Appeals for the Eleventh Circuit authorized Nobles to file a second or successive motion to vacate his convictions for violations of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 924(o) (doc. 190). On December 6, 2019, Nobles filed his second motion to vacate (doc. 189). The motion was granted and his convictions for Counts One and Three were vacated (docs. 193, 194, 195).

Nobles is currently serving his 180-month sentence for Count Two. He is 37 years old. He is incarcerated at FCI Forrest City Medium in Arkansas with an anticipated release date of January 21, 2032.

Nobles now moves the Court for "compassionate release/sentence reduction" pursuant to 18 U.S.C. § 3582(c)(1)(A)" (doc. 214, p. 1). He relies upon Application Note 1(A) and the "Other Reasons" provision in Application Note 1(D), in Policy Statement § 1B1.13. As extraordinary and compelling reasons for a sentence reduction under Application Note 1(A), Nobles argues that he had Covid 19 and now has the "serious medical condition" of "Covid-19 Syndrome" or "Long Haulers' syndrome" with symptoms of "headaches, body aches, and shortness of breath" (doc. 214, p. 2, p. 6). He also asserts that he has hypertension and obesity which increase his risk of serious illness should he contract Covid 19 again (Id., p. 3, 7). Nobles argues that the "unknown recovery period" for "Covid-19 Syndrome" meets the standards for Application Note 1(A) as a serious physical or medical condition that "substantially diminishes" his ability to provide self-care in prison. (Id., p. 12).

Second, Nobles argues that if he were "sentenced today, there is a substantial probability that his sentence would be less/lower than his current 180-month sentence" (Id., p. 8, 3). He argues that this "Court has the authority to reduce" his "sentence based on extraordinary and compelling reasons" including "legal changes [in the law] that would have the effect of lowering the defendant's sentence if applied today." (Id., p. 8).[1]

Third, Nobles argues[2] that this Court should have imposed his sentence to serve concurrent with his state court sentence because he was subject to "an undischarged term of

---

[1] Nobles does not identify the change in the law, which would result in a lower sentence for his conviction of kidnapping pursuant to 18 U.S.C. § 1201(a)(1).

[2] Nobles also argues that "he was sentenced to a state sentence with the same criminal conduct as his federal charges" and asks that his "state sentence be run concurrent with" the sentence he is now serving (doc.214, p. 3). Noble provides a copy of his state court judgment for the offense of manslaughter (doc. 214-7). The judgment indicates that Nobles was sentenced in eight different

imprisonment" for a probation revocation (doc. 214, p. 8). He asks the "Court to give him credit[3] for his time spent in state custody because it was relevant conduct to his federal charges." (Id.). Nobles asserts that his "state probation revocation was a direct result of his federal sentences charges" and therefore, the "two cases were certainly related to each other" (Id., p. 9-10).

Last, Nobles argues that he "has taken advantage of the programs offered by the Federal Bureau of Prisons and has worked extensively on his rehabilitation" (Id., p. 2). He asserts that rehabilitation is an extraordinary and compelling reason, which is "'beyond the few'" that the Bureau of Prisons has 'traditionally relied on.'" (Id., p. 10).

Nobles also argues that this Court should follow the decisions of the Courts of Appeal for the "Second, Fourth, Fifth, Seventh and Tenth Circuits" and the "Sixth Circuit" which found that Policy Statement § 1B1.13 was not binding on the district courts when the defendant files a motion for compassionate release, instead of the Warden (Id., p. 11). He argues that "district courts are free to consider any relevant fact in determining if 'extraordinary and compelling reasons exist'" (Id.).

II. Analysis

Generally, a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597,

---

state court cases including manslaughter. The state court judge imposed the state court sentences to run concurrent with each other and concurrent with his federal sentence. However, the manslaughter conviction does not appear related to the conduct underlying this conviction (doc. 74, Presentence Investigation Report). The instant offense conduct included three home invasions. Although some of the victims were shot or beaten, none died.

[3] The Court previously explained to Nobles that the authority to calculate credit for time served "is vested in the Attorney General, not the sentencing court." (doc. 213, n. 2) (citations omitted). Therefore, the Court does not have authority to calculate and award credit for time served in custody. (Id.) The Court also explained that if Nobles was "dissatisfied with computation of his sentence", he "must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence" and that judicial review is conducted in the Federal District Court in the district where he is incarcerated. (Id.) (citations omitted).

605–606 (11th Cir. 2015). Nobles moves pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). This statute, as amended by the First Step Act, provides that upon motion of the defendant or the Director of the Bureau of Prisons, the Court may reduce a sentence if there are extraordinary and compelling reasons which warrant a reduction, certain procedural[4] requirements are met, the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence, and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Although Nobles argues that other Circuit Courts have held otherwise, the Court of Appeals for the Eleventh Circuit has held that U.S.S.G. "§ 1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)." United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021). In other words, in this Circuit, the Policy Statement found at U.S.S.G. § 1B1.13 applies to motions filed by defendants.

The Policy Statement, in relevant part, provides that upon motion under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a term of imprisonment if it determines that there are extraordinary and compelling reasons which warrant a reduction, the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction, the defendant is not a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g), and the "reduction is consistent with this policy statement." U.S.S.G. § 1B1.13. However, the district courts need not analyze the above requirements in any specific order. See United States v. Tinker, 14 F. 4th 1234, 1237-1238 (11th Cir. 2021) (per curiam). Importantly, should the movant fail to make a showing on any one requirement, that failure "would foreclose a sentence reduction." Id. at 1238.

---

[4] Defendants may file a § 3582(c)(1)(A) motion after they have "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). According to prison policy, Nobles submitted by email a request to staff for a reduction of sentence on September 27, 2021 (doc. 214-1, doc. 214-2). His motion was signed September 7, 2022, and deemed filed on that date. See Houser v. United States, 808 Fed. Appx. 969, 971 (11th Cir. 2020). Therefore, Nobles filed his motion after the lapse of 30 days from the receipt of his request. Nobles states that the Warden did not respond to his request.

The Policy Statement lists four circumstances as examples of extraordinary and compelling reasons under § 3582(c)(1)(A). Specifically, the "medical condition of the defendant" such as a terminal illness. U.S.S.G. § 1B1.13(A)(i). Or the defendant is "suffering from a serious physical or medical condition, … serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care" in prison "and from which he or she is not expected to recover." Id. at cmt. n.1(A)(ii). Also, the "age of the defendant" where the "defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id. at cmt. n.1(B). Additionally, certain "family circumstances" may provide grounds for a reduction of sentence. Id. at cmt. n.1(C). Specifically, "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id.

And last, "other reasons … [a]s determined by the Director of the Bureau of Prisons, [when] there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. at cmt. n.1(D). Although the phrases "other than" or "other reasons" have been broadly interpreted by some courts, the Eleventh Circuit explained that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence" which are "beyond" those in the Policy Statement. United States v. Bryant, 996 F.3d at 248; United States v. Beckford, No. 22-10638, 2022 WL 4372553, at *2 (11th Cir. Sept. 22, 2022) (the "district courts may not 'find[ ] extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13.'") (quoting United States v. Giron, 15 F .4th at 1343, 1347 (11th Cir. 2021)). Thus, the Court is constrained

5

by the determinations of the Director of the BOP. See Bureau of Prisons Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*. Review of Program Statement 5050.50 indicates that the Director of the BOP has determined that certain medical conditions regardless of age, i.e., terminal or debilitating medical conditions; certain medical or mental conditions affecting inmates 65 and older who have served at least 50% of their sentence; and certain family circumstances involving the death or incapacitation of the caregiver for the inmate's minor children, or disabled spouse or registered partner, may, if other conditions are met, constitute grounds for a reduction of sentence.

Since Congress specifically stated that a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) must be consistent with the applicable Policy Statements and the Eleventh Circuit has held that U.S.S.G. § 1B1.13 is an applicable Policy Statement, United States v. Bryant, 996 F. 3d at 1262, this Court is without authority to disregard the Policy Statement's plain language. Thus, a reduction of sentence based upon the second, third, and fourth reasons he provides would not be consistent with Policy Statement § 1B1.13 and therefore, his motion is due to be denied.

As to Nobles' first argument, that his Covid-19 Syndrome is an extraordinary and compelling reason for compassionate release that is consistent with Application Note 1(A), his motion is due to be denied. When Nobles filed his motion in September 2022, he had requested his medical records and indicated he would forward them when received (doc. 214-3). To date, Nobles has not provided any medical records to substantiate his allegation that he has had Covid-19, is currently experiencing the continuing effects, and that those continuing effects substantially diminish his ability to provide self-care in prison.

The Eleventh Circuit has explained that if a defendant's circumstances do not meet any of the reasons in Application Notes 1(A) through (D) in the Policy Statement, then he or she is ineligible for consideration of a reduction. United States v. Bryant, 996 F.3d at 1254. As a result, the Court need not consider whether the factors in 18 U.S.C. § 3553(a) weigh in favor of a

reduction or whether the defendant's release would not pose a danger to other persons or the community as provided in 18 U.S.C.§ 3142(g). United States v. Tinker, 14 F. 4th at 1238 (should the movant fail to make a showing on any one requirement, that failure "would foreclose a sentence reduction.").

However, the Court also finds that even if Nobles had shown extraordinary and compelling reasons for compassionate release, his motion would be denied because the factors in 18 U.S.C. § 3553(a) do not weigh in favor of a reduction in sentence. Nobles' first motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) was dismissed because he had not met the statutory exhaustion requirements (doc. 213). Relevant here, the Court found that even if he had met the requirements, such that the Court could consider his motion, the motion would be denied because the factors in 18 U.S.C. § 3553(a) did not weigh in favor of a reduction in sentence. The Court found as follows:

> The Court has considered the "nature and circumstances" of Nobles' offenses and finds that this factor does not weigh in favor of a sentence reduced to time served. 18 U.S.C. § 3553(a)(1). Nobles was involved a conspiracy whereby he and his co-defendants conducted a brutal home invasion. One resident was beaten with a pistol and shot when he did not produce money, another resident was beaten with a pistol, sexually assaulted, and kidnapped.
>
> Additionally, a child was present in the home when the home invasion occurred. Also, the kidnapping victim was taken to a different location and sexually assaulted again while Nobles and his co-defendants made ransom demands. She was driven around in the bed of a pick-up truck and then abandoned on the street. As related conduct, Noble and his co-conspirators conducted two other similar home invasions but not kidnappings (doc. 74, Presentence Investigation Report).
>
> Additionally, Nobles' "history and characteristics" do not weigh in favor of a sentence reduced to time served. Id. At the time of arrest for the instant offense, Nobles was on probation for unrelated state convictions. Nobles had pled guilty in 2003 to four charges of armed robbery 1st degree. He was sentenced to twenty years for each offense, to serve five years in custody, with execution of the balance suspended, and five years of probation upon release. He was released in June 2009. His probation was revoked intermittently with brief custodial

> sentences. Then on April 30, 2012, his probation was revoked and he was sentenced to serve the remainder of the original twenty year custody sentence. Also, on June 7, 2012, his probation was revoked for a state court conviction for possession of cocaine and he was sentenced to serve the remainder of the fifteen-year sentence.
>
> At time of sentencing in this Court in January 2013, Nobles had charges pending in state court for burglary 3rd degree, receiving stolen property 1st degree, and felony murder wherein a victim was shot during a robbery. According to Nobles, the state court judge sentenced him to serve his sentences concurrent with his federal sentence in this action. After Nobles served the unrelated state court revocation sentences, which do not appear to have been ordered to serve concurrent with the federal sentence, he was released to the custody of the Bureau of Prisons to begin serving his federal sentence.
>
> In this circumstance, even if Nobles could establish an extraordinary and compelling reason for compassionate release, early release would not meet the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", or to adequately deter criminal conduct and "protect the public from further crimes of the Defendant. 18 U.S.C. § 3553(a)(1) and (a)(2)(A), (B), & (C).

(Doc. 213, p. 7-9).

Although not required to do so, the Court may also consider whether Nobles is not a danger to the safety of any other persons, or the community as provided in 18 U.S.C. § 3142(g). In that regard, Nobles participated in three home invasions which resulted in physical injury including gunshot wounds and the sexual assault of the female kidnapping victim (doc. 74, Presentence Investigation Report). His combined adjusted offense level was 44, which was reduced to 41 for acceptance of responsibility. His adult criminal history, which includes four robbery 1st degree convictions, a conviction for breaking and entering a vehicle, and possession of cocaine, resulted in a criminal history category of VI, the highest category. In addition, at the time of sentencing, charges were pending against Nobles for burglary 3rd degree, receiving

stolen property 1st degree, and felony murder.[5]  Upon consideration of the above criminal history and criminal conduct, the Court cannot find that Nobles would not be a danger.

   III. Conclusion

   Accordingly, for the reasons set forth herein, Nobles' motion for compassionate release is denied.

   **DONE** and **ORDERED** this 8th day of June 2023.

                                   **s / Kristi K. DuBose**
                                   **KRISTI K. DuBOSE**
                                   **UNITED STATES DISTRICT JUDGE**

---

[5] Nobles shot and killed a man while attempting to commit a robbery.  He ultimately plead guilty to manslaughter and was sentenced by the state to serve twenty years (doc. 214-7).